UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
TRI-COASTAL DESIGN GROUP, INC.,
a New Jersey Corporation,

                Plaintiff,        CIVIL ACTION

                                     Index No.: **08 CV 3708**

                                     COMPLAINT
       -v-                               JURY DEMAND

ENCHANTE ACCESSORIES, INC., a
New York Corporation, and Does 1-10,

                Defendant.
---------------------------------------------------------X

      Plaintiff Tri-Coastal Design Group, Inc. (hereinafter "Plaintiff"), by and through its undersigned attorneys The Law Firm of Tedd S. Levine, LLC, allege as follows:

## PARTIES

      1.     Plaintiff is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 49 West 37th Street, New York, NY 10018.

      2.     Upon information and belief, defendant Enchante Accessories, Inc. (hereinafter "Defendant") is a corporation organized and existing under the laws of the State of New York having its principal place of business at 4 East 34th Street, NY, NY 10016.

      3.     Does 1-10 are individuals and business entities, whose complete identities are presently unknown to Plaintiff, that, upon information and belief, were and continue to be involved with the claims described in this Complaint. When the identities of these

parties become known to Plaintiff, those defendants and the acts they engaged in will be described in an amended complaint.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action on the following bases:

   a. Under 28 U.S.C. § 1331, since this action involves questions arising under 17 U.S.C. § 501, 17 U.S.C. § 502, 17 U.S.C. § 503, 17 U.S.C. § 504 and 17 U.S.C. § 505; and

   b. Under the doctrine of supplemental jurisdiction 28 U.S.C. § 1367, since this action alleges state law violations that are part of the same case or controversy involved with respect to the other claims in this action over which this Court has original jurisdiction.

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2) and (c), since a substantial part of the events giving rise to plaintiff's claims occurred in the Southern District of New York and defendant is subject to personal jurisdiction in the Southern District of New York.

## NATURE OF THE ACTION

6. This is an action arising under 17 U.S.C. § 501 for copyright infringement, and for additional claims under New York State Common Law.

## FACTS

7. On or about Januray 14, 2008, Plaintiff sent a letter to Defendant demanding, *inter alia,* that Defendant immediately cease and desist from selling and

distributing sculptured soap products that utilize certain of Plaintiff's original images. Such original images as used in connection with Plaintiff's products are attached hereto as **EXHIBIT A** (the "Original Products"); Defendant's infringement products are attached hereto as **EXHIBIT B** (the "Knock-off Products").

8.  The following copyright registrations (the "Copyrights")(see **EXHIBIT C**) evidence Plaintiff's ownership and the creation of the images:

    (i)   "Candy Cane" image    Reg. #: VA0001629268
    (ii)  "Snowman" image       Reg. #: VA0001629266

9.  The Copyrights are in full force and effect and are owned exclusively by Plaintiff.

10. All of the images and the elements therein comprising the Copyrights are original creations owned by Plaintiff.

11. Defendant had access to and subsequently copied the images which are protected by the Copyrights and, upon information and belief, profited there from in connection with its manufacturing and selling of the Knock-off Products. Hence, the Knock-off Products use images that are copies of and substantially similar to the images used in connection with the Original Products.

12. Defendant has conveyed to the consumer public that the images used in connection with the Knock-off Products originate with Defendant and are Defendant's own creations

## COUNT I- COPYRIGHT
## INFRINGEMENT (17 U.S.C. § 501)

13. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 12 above as if fully set forth herein.

14. Defendant's use of Plaintiff's works constitutes infringement pursuant to 17 U.S.C. § 501.

15. Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

16. Such conduct on the part of Defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## COUNT II - COMMON LAW
## UNFAIR COMPETITION

17. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 16 hereof as if fully set forth herein.

18. By reason of the foregoing, Defendant has engaged, and is continuing to engage, in acts of unfair competition in violation of the common law.

19. Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

20. Such conduct on the part of Defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## COUNT III - N.Y. GENERAL
## BUSINESS LAW § 360-1

21. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 20 hereof as if fully set forth herein.

22. Defendant's activities have created and continue to create a likelihood of injury to the public image and reputation of Plaintiff, and to dilute the distinctive quality of its trade dress and all rights held there under, in violation of the General Business Law of the State of New York.

23. Such conduct on the part of the Defendant has violated and is continuing to violate Section 360-1 of the New York General Business Law.

24. Such conduct on the part of the Defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

25. Such conduct on the part of Defendant has caused and will continue to cause damages to Plaintiff in an amount to be determined.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

1. Permanently enjoining and restraining Defendant, its officers, directors, principals, servants, employees, customers, successors and assigns, and all those in active concert or participation with them, from:

    (a) imitating, copying or making unauthorized use of the images used in connection with the Original Products;

    (b) using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any work that is a simulation,

reproduction, copy, or colorable imitation of any of the images used in connection with the Original Products;

(c) engaging in any other activity, including the effectuation of assignments or transfers of its interests in simulations, reproductions, copies, counterfeits or colorable imitations of the images used in connection with the Original Products, as well as the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsection 1(a) and 1(b) above;

(d) imitating, copying or making unauthorized use of any of Plaintiff's trade dress, including its trade dress in its products using the images used in connection with the Original Products;

(e) using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any trade dress that is a simulation, reproduction, copy, or colorable imitation of the Copyrights or Plaintiff's trade dress in the Original Products;

(f) using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any trade dress that tends to relate or connect such trade dress in any way to Plaintiff, or to any products sponsored, approved by, or connected with Plaintiff;

(g) using, registering, attempting to register, or aiding and abetting others to use, register, or attempt to register any trade dress which serves to dilute, or tends to dilute, Plaintiff's image, Plaintiff's trade dress in its Products using the

Images used in connection with the Original Products, or reputations or the distinctive quality of any of Plaintiff's trade dress;

    (h) making any statement or representation whatsoever, with respect to Plaintiff's trade dress in the Original Products that falsely designates the origin of such products or is false or misleading in any way;

    (i) engaging in any other activity constituting unfair competition with regard to the Plaintiff, and/or Plaintiff's trade dress in the Original Products; and

    (j) engaging in any other activity for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsection 1(d) through 1(i) above.

    2. Directing such other relief as the Court may deem appropriate to prevent the unauthorized use of the images protected by the Copyrights.

    3. Directing that Defendant deliver for destruction all products, labels, prints, signs, packages, dies, wrappers, receptacles and advertisements in its possession, custody or control bearing the images protected by the Copyrights.

    4. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product offered for sale, sold or otherwise circulated or promoted by Defendant is authorized by Plaintiff, or related to or associated in any way with Plaintiff.

    5. At Plaintiff's election, requiring Defendant to account and pay over to Plaintiff all profits realized by Defendant or otherwise lost by Plaintiff as a result

of Defendant's infringement and counterfeiting of the Original Products, and that these profits be trebled since the infringement occurred willfully by Defendant.

6. Consequential damages to be determined.

7. Awarding Plaintiff its costs and reasonable attorneys', expert witness, and investigating fees, together with pre-judgment interest.

8. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
       April 16, 2008

Respectfully submitted,

**THE LAW OFFICES OF TEDD S. LEVINE, LLC**
Attorneys for Plaintiff

By: _____
Tedd S. Levine, Esq. (TL 0158)
1010 Franklin Avenue
2nd Floor
Garden City, NY 11530
(516) 294-6852





**EXHIBIT A**








**EXHIBIT B**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**VA 1-629-268**

**Effective date of registration:**

April 3, 2008

---

### Title
- **Title of Work:** CANDY CANE
- **Nature of Work:** COMPUTERIZED GRAPHIC PRINT

### Completion/Publication
- **Year of Completion:** 2005
- **Date of 1st Publication:** February 24, 2005       **Nation of 1st Publication:** United States

### Author
- **Author:** TRI-COASTAL DESIGN GROUP, INC
- **Author Created:** 2-Dimensional artwork
- **Work made for hire:** Yes
- **Citizen of:** United States
- **Anonymous:** No       **Pseudonymous:** No

### Copyright claimant
- **Copyright Claimant:** TRI-COASTAL DESIGN GROUP, INC.
  49 WEST 37th STREET, NEW YORK, NY 10018
- **Transfer Statement:** WORK FOR HIRE

### Limitation of copyright claim
- **Previously registered:** No

### Certification
- **Name:** Tedd S. Levine
- **Date:** December 31, 2007

---

## EXHIBIT C Page 1 of 2

Page 1 of 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**VA 1-629-266**

**Effective date of registration:**

April 3, 2008

## Title
- **Title of Work:** SNOWMAN
- **Nature of Work:** COMPUTERIZED GRAPHIC PRINT

## Completion/Publication
- **Year of Completion:** 2005
- **Date of 1st Publication:** February 24, 2005
- **Nation of 1st Publication:** United States

## Author
- **Author:** TRI-COASTAL DESIGN GROUP, INC
- **Author Created:** 2-Dimensional artwork
- **Work made for hire:** Yes
- **Citizen of:** United States
- **Anonymous:** No
- **Pseudonymous:** No

## Copyright claimant
- **Copyright Claimant:** TRI-COASTAL DESIGN GROUP, INC.
  49 WEST 37th STREET, NEW YORK, NY 10018
- **Transfer Statement:** WORK FOR HIRE

## Limitation of copyright claim
- **Previously registered:** No

## Certification
- **Name:** Tedd S. Levine
- **Date:** December 31, 2007

**EXHIBIT C Page 2 of 2**

Page 1 of 1