K3-333

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                           :

TRI-COASTAL DESIGN GROUP, INC.,   :
a New Jersey Corporation,                :
                                                           :     08 CV 3708 (WHP)
                 Plaintiff,         :
           -v-                          :
                                                           :     **ANSWER AND AFFIRMATIVE DEFENSES**
ENCHANTE ACCESSORIES, INC., a    :
New York Corporation, and Does 1-10,  :
                                                           :
               Defendant.        :
                                                           :
------------------------------------------------------------x

       Defendant Enchanté Accessories Inc. for its Answer and Affirmative Defenses to the Complaint of the plaintiff Tri-Coastal Design Group, Inc. alleges of its own knowledge as to itself and upon information and belief as to the plaintiff as follows:

1.     Is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the complaint, and, therefore, denies the same.

2.     Admits that Enchanté Accessories Inc. is a New York corporation having a place of business at 4 East 34th Street, New York, New York.

3.     Is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 of the complaint, and, therefore, denies the same.

4.     Admits in response to the allegations of paragraph 4 of the complaint that this court has subject matter jurisdiction over claims arising under the Copyright Act, but denies the remaining allegations of paragraph 4 of the complaint.

5.     Admits in response to the allegations of paragraph 5 of the complaint that this court

      has personal jurisdiction over the defendant Enchanté Accessories Inc., but denies the remaining allegations of paragraph 5 of the complaint.

6. Denies the allegations of paragraph 6 of the complaint except admits that the allegations purport to state causes for copyright infringement and under the common law of New York State.

7. Denies the allegations contained in paragraph 7 of the complaint, except admits that defendant Enchanté Accessories Inc. did receive a letter dated January 14, 2008 and that a copy of Exhibits A and B are attached to the complaint and states that the documents speak for themselves.

8. Denies the allegations of paragraph 8 of the complaint.

9. Is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the complaint, and, therefore denied the same.

10. Is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the complaint, and, therefore denied the same.

11. Denies the allegations of paragraph 11 of the complaint.

12. Denies the allegations of paragraph 12 of the complaint.

13. Restates and realleges paragraph 1 through 12 of this Answer as if fully rewritten herein.

14. Denies the allegations of paragraph 14 of the complaint.

15. Denies the allegations of paragraph 15 of the complaint.

16. Denies the allegations of paragraph 16 of the complaint.

17. Restates and realleges paragraph 1 through 16 of this Answer as if fully rewritten herein.

18. Denies the allegations of paragraph 18 of the complaint.

19. Denies the allegations of paragraph 19 of the complaint.

20. Denies the allegations of paragraph 20 of the complaint.

## Affirmative Defenses

21. The complaint fails to state a claim against the defendant upon which relief can be granted.

22. Counts II and III of the complaint are preempted by the copyright laws of the United States.

23. Any similarity between the accused products of the defendant and the copyrighted works is attributable to unprotectible ideas and/or standard elements and/or copyright protection is barred under the merger doctrine.

24. The effective dates of copyright registrations asserted in the complaint are after the dates of the alleges infringement and said registrations were not made within three months after publication of the works and, therefore, the plaintiff's claims of attorney's fees are barred under the Copyright Act, 17 U.S.C. § 412(2).

**WHEREFORE**, defendant prays for judgment as follows:

   1. That plaintiff take nothing by its complaint herein, that judgment be entered against plaintiff, and that the complaint be dismissed.

   2. That defendant have and recover its costs incurred herein, including reasonable attorneys' fees, to the extent allowed by the law; and

3. For such other and further relief as the court deems just and proper

Dated: May 14, 2008                                NOTARO & MICHALOS P.C.

*/s/ Angelo Notaro*
Angelo Notaro (AN1306)
John Zaccaria (JZ3157)
100 Dutch Hill Road, Suite 110
Orangeburg, NY 10962-2100
(845) 359-7700
Attorneys for Defendant